FILED
 2011 May-05 PM 02:22
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MILDRED CHRISTINA THOMPSON,**       Plaintiff,<br><br>vs.<br><br>**MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,**       Defendant. | CV 10-J-2879-M |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405.

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 32 years old, and had completed the eighth grade (R. 26). She alleged an inability to work due to back pain and depression (R. 109). The ALJ found that the plaintiff does have impairments which are severe but do not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 12, 14). He found that the plaintiff had the residual functional capacity to perform medium work, with further limitations of no concentrated exposure to unprotected heights or moving machinery; a need for brief and uncomplicated directions and short, simple instructions; and moderately limited contact with the public (R. 15). Based on these limitations and the Vocational Expert's testimony, the ALJ found that the plaintiff could return not return to her past

relevant work, but could perform a wide variety of jobs which exist in the national economy (R. 17). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 18).

The plaintiff argues that the ALJ's ignored plaintiff's treating sources' opinions. Plaintiff's memorandum at 4. The court finds that the ALJ did consider the same, but found them not to be supported by the medical records and test results. Dr. Terrell's opinions are not entitled to controlling weight because he is a chiropractor, not a medical doctor. As such, he is not within the definition of "acceptable medical source." *Crawford v. Commissioner Of Social Security,* 363 F.3d 1155, 1160 (11th Cir.2004); citing 20 C.F.R. §§ 404.1513(a), 416.913(a) (excluding chiropractors from the list of "acceptable medical sources" whose opinions may be considered in determining the existence of an impairment). Additionally, the only treatment records from Dr. Terrell consist of four treatments over 15 days in January 2008 (R. 159-162, 164), and treatment in September and October 2005 (R. 163, 165-169).

Similarly, the ALJ considered the Clinical Assessment of Pain form completed by Dr. Herrera, but found it was not supported by Dr. Herrera's medical records of (R. 13-14). However, Dr. Herrera's medical records were in line with the findings of the consultative examiner, who noted some pain, some tenderness over plaintiff's lower back, mild muscle spasms, and normal gait, although plaintiff could not heel toe walk or squat (R. 181), and with x-rays noting minimal spondylosis (R. 156).

The plaintiff further faults the ALJ for finding the plaintiff not disabled by depression. However, the medical records simply do not support such a finding. They repeatedly reflect GAFs in the 50's, denoting moderate limitations, and that while plaintiff repeatedly

complains of increased depression, she is noted to have a "pleasant mood," not take medication as prescribed and not keep her appointments (R. 245-247, 250-259).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

Having scrutinized the record in its entirety, the court has determined that the decision of the ALJ is reasonable and supported by the facts and evidence in the record. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this  5th  of  May, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE